IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TERRANCE LAVELL KIRKSEY,

                    Plaintiff,                                    OPINION AND ORDER

            v.                                                    22-cv-98-wmc

CORRECTIONAL OFFICER PARKER,

                    Defendant.

Pro se plaintiff Terrance Lavell Kirksey, who currently is incarcerated at Waupun Correctional Institution ("Waupun"), filed this lawsuit for an event that occurred when he was incarcerated at Green Bay Correctional Institution ("Green Bay"). The court allowed Kirksey to proceed against one defendant, Green Bay Correctional Officer Parker, on a claim that she failed to protect him from self-harm, in violation of his Eighth Amendment rights. Now before the court is defendant's motion to dismiss or transfer this case to the Eastern District of Wisconsin, under 28 U.S.C. § 1406(a) and Federal Rule of Civil Procedure 12(b)(3). (Dkt. #13.) Since venue is improper in this district but proper in the Eastern District of Wisconsin, the court will grant the motion and transfer this case.

OPINION

Under 28 U.S.C. §§ 1391(a) and (b), venue is proper in a district court where one or more of the defendants reside (if they are all residents of the same state), or where a substantial part of events giving rise to a lawsuit occurred. When a lawsuit is filed in an improper district, a district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Defendant's position is that venue is improper in this district court because: (1) all events relevant to this lawsuit are alleged to have occurred at Green Bay, which is located within the Eastern District of Wisconsin, *see* 28 U.S.C. § 130(a); and (2) defendant does not reside within this district, nor did she reside within this district at the time Washington filed his complaint (*see* Parker Decl. (dkt. #14) ¶¶ 4-6).

Kirksey does not suggest that venue is proper in this district. Instead, he argues that the court should not transfer or dismiss this action because he may amend his complaint in a manner that makes venue proper here. However, Kirksey's claim in this case arises from one discrete event that occurred within the Eastern District, and he has not suggested any claims he would seek to add to this lawsuit, much less detailed how such claims would be joined properly with the claim against defendant.. In any event, defendant is correct that at this juncture, venue is improper in this district court, which this court cannot ignore. *Hapaniewski v. City of Chicago Heights*, 883 F.2d 576, 579 (7th Cir. 1989) (citation omitted) ("Under § 1406(a), a district court may transfer a case brought in the wrong division or district if it is in the interest of justice to do so. A district court must dismiss such a suit if it denies the transfer."). Venue is improper here, and the court finds that transferring this case to the Eastern District of Wisconsin, where venue is proper, serves the interests of justice. Therefore, the court will grant defendant's motion and transfer this case.

2

ORDER

IT IS ORDERED that:

1) Defendant's motion to dismiss or transfer venue (dkt. #13) is GRANTED, as

   provided above.

2) This case is TRANSFERRED to the Eastern District of Wisconsin.

   Entered this 22nd day of July, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

3